-PS-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JASON TODD HOFELICH, 01-A-5996,

        Plaintiff,

    -v-                                    07-CV-6549Fe
                                                      **ORDER**

Nurse Administrator MARY JO HOPKINS,
R.N. EMILIA DiMICHAEL,
Nurse Practitioner JILL NORTHRUP,
ECMC Telemed DOCTOR,
CORC K. BELLAMY,
R.N. DIANE, and
Super. BRADT,

        Defendants.

---

## INTRODUCTION

Plaintiff Jason Todd Hofelich, an inmate proceeding *pro se* and *in forma pauperis*, has filed an Amended Complaint. The Amended Complaint is now the operative pleading for this action, and for the reasons discussed below, some claims are dismissed and service of the Amended Complaint is directed on the remaining defendants.

## DISCUSSION

Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this Amended Complaint. The Court shall dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a); see also *Abbas v. Dixon*, 480 F.3d 636 (2d Cir. 2007).

In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Erickson, v. Pardus,* — U.S. — , 127 S.Ct. 2197, 2200 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, —, 127 S.Ct. 1955, 1959 (2007) (internal quotation marks and citation omitted).

The Second Circuit has concluded that, following the analysis of the above cases, review of pleadings requires "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty*, 490 F.3d 143, 158 (2d Cir. 2007); see also *Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir. 2008) (discussing pleading standard in *pro se* cases after *Twombly*). The plausibility standard is applied to *pro se* filings, but with the clear requirement that "[a] document filed *pro se* is to be liberally construed, ..., and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson,* 127 S.Ct. at 2200 (internal quotation marks and citations omitted); *Boykin v. Keycorp*, 521 F.3d at 214.

2

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). Based on its evaluation of the complaint, the Court finds that plaintiff's claims against ECMC Telemed Doctor and CORC K. Bellamy must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) for failure to state a claim upon which relief may be granted.

### Claims Against Bellamy

Essentially, plaintiff is alleging that Bellamy's failure to decide his grievance appeal in his favor violated his constitutional rights. This does not give rise to a constitutional claim. "[I]nmate grievance programs created by state law are not required by the Constitution and consequently allegations that prison officials violated those procedures does not give rise to a cognizable § 1983 claim." *Shell v. Brzezniak*, 365 F.Supp.2d 362, 370 (W.D.N.Y. 2005)(citing *Cancel v. Goord*, No. 00 Civ.2042, 2001 WL 303713, *3 (S.D.N.Y. Mar. 29, 2001). "If prison officials ignore a grievance that raises constitutional claims, an inmate can directly petition the government for redress of that claim." *Id.*

(citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991)). Here, plaintiff is not alleging that his grievance was ignored, that the grievance procedures were not followed or that he failed to get the process he was due. He is claiming only that the result he got was not what he wanted. Thus, because his claim clearly does not fall within any recognized constitutional right, it must be dismissed.

### Claims Against ECMC Telemed Doctor

In the Amended Complaint, plaintiff asserts that the medical staff at Elmira Correctional Facility lied to him about contacting the Telemed Doctor at the Erie County Medical Center. Alternatively, he suggests that, if the Telemed Doctor was contacted, then he or she was negligent in delaying or failing to direct his immediate transfer to the hospital. These allegations cannot proceed against the Telemed Doctor.

First, the Telemed Doctor is a private actor and therefore is not a "person" acting under color of state law for purposes of 42 U.S.C. § 1983. Private persons engage in conduct that can be fairly attributed to the state "only if there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Id.* (citing *Brentwood Academy v. Tennessee Secondary School Athletic Ass'n*, 531 U.S. 288, 295 (2001)). Here, there is no allegation that the Telemed Doctor was working so closely with the Elmira Facility medical staff that his actions can be considered to be

4

"under color of state law" for 42 U.S.C. § 1983.  Cf. *West v. Atkins*, 487 U.S. 42, 53, n. 10, 57 (1988) (private physician hired by state to provide medical care to prisoners was state actor because doctor was hired to fulfill state's constitutional obligation to attend to necessary medical care of prison inmates). The Telemed Doctor was not hired by the Correctional Facility, and there is no indication that the Telemed Doctor was involved in or closely connected to the alleged deliberately indifferent medical care. Moreover, plaintiff's allegations against the Telemed Doctor are, at best, negligence, and mere negligence is not actionable under § 1983. *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). Accordingly, the claims against the ECMC Telemed Doctor are dismissed.

### The Remaining Claims

The remaining claims alleging the Elmira Correctional Facility personnel demonstrated deliberate indifference to plaintiff's serious medical need and the failure of supervisory personnel to protect plaintiff when they became aware of the violation are sufficient to survive this initial review. It may be that plaintiff may fail to prove his claims, but the Court's uncertainty that plaintiff will ultimately succeed on the merits is no justification for a dismissal at this stage of the case. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a

complaint's factual allegations"); *and see McEachin v. McGuinnis*, 357 F.3d 197 (2d Cir. 2004). "A complaint should not be dismissed simply because a plaintiff is unlikely to succeed on the merits." *Baker v. Cuomo,* 58 F.3d 814, 818 (2d Cir.1995).

## CONCLUSION

Plaintiff is an inmate proceeding *in forma pauperis*. For the reasons discussed above, plaintiff's claims against the ECMC Telemed Doctor and CORC K. Bellamy are dismissed with prejudice. The U.S. Marshal is directed to serve the summons and Amended Complaint on Nurse Administrator Mary Jo Hopkins, R.N. Emilia DiMichael, Nurse Practitioner Jill Northrup, R.N. Diane, and Superintendent Bradt regarding the remaining Eighth Amendment claims.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's claims against the ECMC Telemed Doctor and CORC K. Bellamy are dismissed with prejudice;

FURTHER, that the Clerk of the Court is directed to terminate defendants ECMC Telemed Doctor and CORC K. Bellamy as parties to this action;

FURTHER, that the Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon Nurse Administrator Mary Jo Hopkins, R.N. Emilia DiMichael, Nurse Practitioner Jill Northrup, R.N. Diane, and Superintendent Bradt

without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the complaint.

**SO ORDERED.**

S/ Michael A. Telesca

-------------------------------
MICHAEL A. TELESCA
United States District Judge

Dated:   January 22, 2009
         Rochester, New York